IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| NTP, INC., | |
| Plaintiff, | |
| v. | Civil Action Number 3:01CV767-JRS |
| RESEARCH IN MOTION, LTD., | |
| Defendant. | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Research in Motion, Ltd.'s ("RIM") Motion for Stay of Proceedings Pending Reexamination of NTP, Inc.'s Patents-in-Suit, filed on November 10, 2005. For the reasons discussed herein, RIM's Motion for Stay of Proceedings is hereby DENIED.

I.

A.   Brief Procedural History

Plaintiff NTP, Inc. ("NTP") filed suit against RIM in this Court on November 13, 2001, alleging that several dozen system and method claims from its patents-in-suit had been infringed by RIM's BlackBerry wireless email devices and services. Drawn out discovery disputes, claim construction issues, multiple motions for summary judgment, countless pre-trial motions, and many evidentiary objections set the tone for a complex, contentious path toward a resolution of this case. Numerous time extensions were granted to the parties in the months leading up to trial.

Nearly one year after the Complaint was filed, a thirteen-day jury trial commenced on November 4, 2002. On November 21, 2002, the jury returned a verdict finding direct, induced, and contributory infringement by RIM on all of NTP's asserted claims. Shortly thereafter, RIM moved

for a judgment as a matter of law or, in the alternative, a new trial. After denying both requests, this Court entered its final judgment in NTP's favor on August 5, 2003. Apart from monetary damages, the Court entered a permanent injunction against RIM, which was stayed pending RIM's appeal to the United States Court of Appeals for the Federal Circuit.[1]

On August 2, 2005, the Federal Circuit issued its ruling which affirmed-in-part, reversed-in-part, and vacated-in-part this Court's judgment. See NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1326 (Fed. Cir. 2005). In analyzing the case on remand, this Court must now consider what effect, if any, the Court's misconstruction of the "originating processor" term might have had on the jury's assessment of damages and on the scope of the injunction.

B.   RIM's Motions to Stay the Proceedings

Over the course of this litigation, at both the trial and appellate levels, RIM has moved on four separate occasions to stay the proceedings based at least in part on the ongoing reexamination of the patents-in-suit by the United States Patent and Trademark Office (the "PTO").[2] RIM's first three attempts were unsuccessful. This Court chose not to grant RIM's first Motion to Stay, which was finally deemed moot on August 5, 2003, after the permanent injunction was stayed pending RIM's appeal to the Federal Circuit. The Federal Circuit denied RIM's second Motion to Stay on October 29, 2003, well over a year *before* issuing its final ruling. Most recently, the Federal Circuit denied RIM's third Motion to Stay[3] on October 21, 2005, over two months *after* issuing its ruling.

---

[1] RIM filed its Notice of Appeal on August 29, 2003.

[2] In January 2003, the PTO announced that it would begin to reexamine several of the patents-in-suit.

[3] RIM's third such motion was styled as a "Motion to Stay Issuance of the Mandate Pending Filing and Disposition of Petition for Writ of Certiorari." Although RIM's brief in support mainly

After denying RIM's third Motion to Stay, the Federal Circuit issued a mandate to this Court to begin final remand proceedings.

The Motion presently before the Court is RIM's fourth attempt to stay the proceedings. In this Motion, echoing its previous requests, RIM moves the Court "to stay proceedings in this litigation until the . . . [PTO] issues its final actions on its reexaminations of the patents-in-suit." RIM's Mem. Supp. 1. RIM believes that the PTO will begin to issue final actions on its reexaminations of the patents-in-suit in the next few months and contends that it is "highly likely" that the result of the PTO's reexamination proceedings will be to invalidate the patents-in-suit. Id. As such, RIM argues that considerations of judicial economy and fairness weigh in favor of issuing a stay of the proceedings.

II.

The question before this Court is whether or not these proceedings, which must be conducted pursuant to the Federal Circuit's mandate, should be stayed pending the PTO's reexamination of several of the patents-in-suit, a process of uncertain duration.

It is well-settled law that a district court may exercise its discretion when ruling on a motion to stay proceedings pending reexamination of the patents-in-suit by the PTO. See Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001). A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze. See id. ("The [district] court is not required to stay judicial resolution in view of the [PTO] reexaminations."); see also Medichem, S.A. v.

---

discussed a jurisdictional issue, RIM did present much of the same "stay pending PTO reexaminations" logic as was argued in support of the other two motions.

3

Rolabo, S.L., 353 F.3d 928, 936 (Fed. Cir. 2003) ("[O]n remand, a stay of proceedings in the district court pending the outcome of the parallel proceedings in the PTO remains an option within the district court's discretion.") (stated in the context of reissue proceedings for interfering patents before the Board of Patent Appeals and Interferences); Patlex Corp. v. Mossinghoff, 758 F.2d 594, 602–03 (Fed. Cir. 1985) (recognizing judicial discretion in stay determinations for patent proceedings).

A. The Federal Circuit's Guidance

Looking to the most recent and relevant case law precedent in the Federal Circuit, the Court finds the Viskase case particularly useful. When juxtaposed with the circumstances surrounding the instant Motion, the Viskase case bears several important similarities. In Viskase, the PTO began a reexamination of the patents-in-suit after the trial court had already found infringement. Like RIM, the infringing party in Viskase moved the district court to stay the proceedings based partly on the conclusions the infringing party predicted the PTO would reach after the reexamination. The district court declined to impose a stay, and the Federal Circuit affirmed the lower court's decision. See 261 F.3d at 1327–28.

As NTP emphasizes in its Memorandum in Opposition, the PTO reexamination proceedings in Viskase were in more advanced stages than the PTO's ongoing reexamination of NTP's patents-in-suit. The Court is not persuaded that the PTO will issue final actions in RIM's favor "within the next few months," as RIM asserts. RIM's Mem. Supp. 6. The PTO has not even finished issuing all of its first actions. Furthermore, NTP will have the opportunity and has already indicated its intention to respond to the first actions. The PTO, after considering NTP's responses, will then issue another office action which may or may not be "final." Even in the unlikely event that all final office actions were taken in the next few months, NTP, if not satisfied, could appeal the PTO's findings.

Reality and past experience dictate that several years might very well pass from the time when a final office action is issued by the PTO to when the claims are finally and officially "confirmed" after appeals. See, e.g., In re Am. Acad. of Sci. Tech Ctr., 367 F.3d 1359 (Fed. Cir. 2004) (affirming the claim construction of the Board of Patent Appeals and Interferences in a case where, after numerous rehearing requests and appeals, the PTO's findings were not confirmed until ten years after a reexamination was first requested).

B.      The History and Present Status of This Litigation

Perhaps the most influential tool the Court can use to analyze RIM's Motion is to simply trace the history of this litigation. NTP and RIM participated in a lengthy, complex, fair, and fully exhaustive trial process at the end of which a jury of the parties' peers found that RIM had infringed NTP's patents-in-suit. RIM had the opportunity to appeal and did so. Two years later, the Federal Circuit, although reversing and vacating certain aspects of this Court's judgment, affirmed several of the findings of infringement and issued a mandate directing the Court to begin proceedings on the remanded issues.

RIM now seeks to halt the proceedings yet again through its most recent Motion to Stay. This Court and the Federal Circuit have already denied similar, and in some ways identical, motions by RIM three times—and correctly so. Nothing has changed that would make the Court more inclined to grant RIM's request. If anything, the Federal Circuit's direct mandate to this Court to proceed on remand so that this litigation may be quickly resolved would make RIM's burden on this Motion even heavier.

The likely duration and result of the PTO's reexamination proceedings and any subsequent (and likely) appeals are in dispute. RIM, turning a blind eye to the many steps that must still be

taken before a final determination can be issued by the PTO and confirmed, suggests that the patents-in-suit will be invalidated in a matter of *months*. NTP, on the other hand, insists on the likelihood of the opposite result and gives a reality-based estimated time frame of *years*. Regardless of which party's predictions this Court might adopt, any attempt at suggesting a likely time frame and outcome of the PTO reexamination process is merely speculation. This Court cannot and will not grant RIM the extraordinary remedy of delaying these proceedings any further than they already have been based on conjecture.

III.

The Court recognizes the rights of a patent holder whose patents have been infringed. Indeed, the essence of patent protection is that a party legally deemed to have infringed one or more patents shall be liable to the patent holder for damages. Valid patents would be rendered meaningless if an infringing party were allowed to circumvent the patents' enforcement by incessantly delaying and prolonging court proceedings which have already resulted in a finding of infringement.

The Court intends to comply with the Federal Circuit's mandate and move this litigation forward so as to bring closure to this case on remand. Derailing these proceedings when a resolution is in sight would be ill-advised at best.

For these reasons, RIM's Motion for Stay of Proceedings Pending Reexamination of NTP, Inc.'s Patents-in-Suit is hereby DENIED.

An appropriate Order shall issue.

ENTERED this   30th   day of November, 2005

                                        /s/
                                    James R. Spencer
                                    UNITED STATES DISTRICT JUDGE